## Lake Erie & Western R. R. Co. v. Quisenberry.

1. *Railroad Company—Right to Charge Ten Cents Extra.*—A rule of a railroad company requiring passengers who fail to purchase tickets to pay ten cents in addition to the regular fare, is one which the company can lawfully enforce.

**Memorandum.**—Action on the case to recover damages resulting from an ejection from a railroad train at Arrowsmith, a station in McLean County. Appeal from a judgment for six dollars, rendered by the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

Appellant purchased a ticket at Gibson for passage to Saybrook. While *en route* he concluded to come on to Bloomington. When he reached Saybrook he had not sufficient time or opportunity to purchase a ticket from that point to Bloomington. After the train left there, the conductor came to him, he handed him $1 and told him he

L. E. & W. R. R. Co. v. Quisenberry.

wanted to go to Bloomington. The conductor took the dollar and offered him back twelve cents, retaining eighty-eight cents, which was the ticket fare and ten cents extra. Appellee refused to receive the twelve cents, informing the conductor that the fare was seventy-eight and not eighty-eight cents, and demanded of the conductor twenty-two cents in change and a ride to Bloomington or the return of his dollar. The conductor refused to do either, but retained his ticket fare to the next station, Arrowsmith, and ten cents extra, and offered him the sum of seventy-three cents change, which he refused and which the conductor delivered to the agent at Arrowsmith. On the arrival of the train at Arrowsmith appellee was ejected and compelled to remain over until the next regular train.

On the trial he recovered $6. The defendant appealed.

### APPELLANT'S BRIEF.

The law gave the railroad company the right to make the charge. C., B. & Q. R. R. Co. v. Parks, 18 Ill. 460; St. L. & T. H. R. R. Co. v. South, 43 Ill. 176; C., R. I. & P. R. R. v. Brisbane, 24 App. 463.

We think the course pursued by the conductor was clearly the only legal course. C., B. & Q. R. R. v. Parks, *supra.*

The conductor had a right to assume that he would still persist in his refusal to pay the legal fare, and unless plaintiff offered to recede from his position, which he did not do, the conductor had a right to require him to leave the train. O'Brien v. B. & W. Ry. Co., 15 Gray (Mass.) 20; C. I. N. R. R. Co. v. Skillum, 39 Ohio State, 444; O'Brien v. N. Y. Cent. R. R., 80 N. Y. 236; Louisville R. R. Co. v. Harris, 9 Lea (Tenn.) 180; Hoffbauer v. D. & N. W. Ry. Co., 52 Iowa, 342; Stone v. C. & N. W. Ry. Co., 47 Iowa, 82.

Where the evidence discloses no wanton, willful or malicious misconduct on the part of the railroad company's employes it is error to instruct the jury that exemplary damages may be allowed. T., P. & W. Ry. v. Patterson, 63 Ill. 306; C., B. & Q. R. R. v. Boger, 1 Ill. App. 472; C. R. I. & P. Ry. Co. v. Brisbane, 24 Ill. App. 463.

The court allowed plaintiff to prove not only his salary at the time of the incident but also allowed him to prove the highest salary he ever received. This was error. Wabash Railway v. Friedman, N. E. Rep., Vol. 30, 353.

A. E. DeMANGE, attorney for appellant.

W. E. HACKEDORN, general attorney, and F. S. FOOTE, assistant general attorney, of counsel.

JOHN E. POLLOCK and A. J. BARR, attorneys for appellee.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

The appellee recovered a judgment for six dollars against the appellant upon the following state of facts: He purchased a ticket at Gibson to Saybrook before reaching the latter place, and after the conductor had taken the ticket concluded to go on to Bloomington. The ticket office at Saybrook was open when the train reached there but plaintiff remained on the train and made no effort to procure a ticket from there to Bloomington. It may be assumed that he had not sufficient time for that purpose.

After the train left Saybrook the conductor again came to him whereupon he tendered one dollar saying he wished to go to Bloomington. The ticket fare from Saybrook to Bloomington was seventy-eight cents, but by the rules of the company when the fare was paid on the train the conductor was required to charge ten cents extra.

Accordingly the conductor offered appellee twelve cents in change which he refused to accept and demanded twenty-two cents and a ride to Bloomington or a return of the dollar.

The conductor refused to do either and explained the matter fully including the rule which required him to charge the extra ten cents.

But the appellee persisted in his demand and finally the conductor retained his ticket fare to the next station, Arrowsmith, and ten cents extra, and offered him seventy-three cents in change, which he also refused to receive. Arriving

at Arrowsmith, he was asked by the conductor whether he would pay his fare on to Bloomington, saying he would charge him but the one extra ten cents, but he said he would not, and that the conductor would have to put him off. He would not get off, nor would he pay his fare.

Thereupon the conductor took him by the arm and led him off the train, leaving the seventy-three cents with the agent, informing appellee of the fact and that he could get it at any time.

We are of opinion that appellee had no cause of action. Having failed, without the fault of the company, to procure a ticket from Saybrook, the conductor had the right to charge the extra ten cents, and might well have retained the fare to Bloomington. In taking car fare, which included the extra charge, to the next station, he violated no right of the passenger, who refused, without reason, to comply with a rule which the company could lawfully enforce. When he refused, at Arrowsmith, to pay the ticket fare to Bloomington he forfeited his right to remain upon the train and was properly ejected. No unnecessary force was used, and whatever indignity he endured was due to his own unjustifiable conduct. The judgment will be reversed and the cause remanded. If, upon another trial, substantially the same facts appear, the court will instruct the jury to find for the defendant.